**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUTH TANENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>                    Defendant. | Case No. 21-cv-6687<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Ruth Tanenbaum, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

**INTRODUCTION**

1.      Unsatisfied with traditional marketing and sales revenue alone, Defendant Publishers Clearing House, Inc. ("PCH") sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as gender, and information pertaining to their purchase of products from PCH (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them.  Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transaction Data in this way, PCH did not ask for much less obtain consent from any of these individuals.

2.      Documented evidence confirms these facts.  For example, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time period relevant to this action, sold and rented to various parties the mailing list titled "Publishers Clearing House Merchandise Buyers Mailing List," which contains the names, addresses, and other

Personal Identifying Transactional Data of all individuals who purchased products from PCH (including the types of products purchased), including Plaintiff and each member of the Class, at a base price of "$100.00/M [per thousand]," (*i.e.*, 10.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



*See* **Exhibit A** hereto.

   3.  Puerto Rico's Right of Publicity Act clearly prohibits what PCH has done. *See* P.R. LAWS tit. 32, §3151 (2011), *et seq.* (the "PRRPA"). Generally speaking, the PRRPA prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent. PCH directly violated the PRRPA by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Puerto Rico customers' names, addresses, and other Personal Identifying Transactional Data.

4. PCH's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data. For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all women in Puerto Rico who purchased over $20 worth of children's books from PCH in the past three months. Such a list is available for sale or rental on the open market for approximately $140.00 per thousand customers listed.

5. So while PCH profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity. Accordingly, Plaintiff brings this Class Action Complaint against PCH for its plainly unlawful use of its Puerto Rico customers' names and likenesses in reckless disregard of their statutorily protected rights under the PRRPA.

## PARTIES

6. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Puerto Rico. During the time period relevant to this action, Plaintiff purchased products from PCH while residing in, being a citizen of, and being physically present in Puerto Rico.

7. Defendant Publishers Clearing House, Inc. is a New York corporation that maintains its headquarters and principal place of business in Jericho, New York. PCH is a direct marketing company that markets merchandise and magazine subscriptions with sweepstakes and prize-based games.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from PCH.

9. The Court has personal jurisdiction over PCH because PCH maintains its corporate headquarters and principal place of business in Jericho, New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because PCH is subject to personal jurisdiction in this judicial District, because PCH resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE PRRPA

11. The PRRPA prohibits any person from, *inter alia*, using an individual's name or likeness, in any manner, on or in a product, good, merchandise or service. Specifically, the PRRPA states, in pertinent part:

> Any natural or juridical person who uses another's likeness for commercial, trade, or advertising purposes without the previous consent of said person, the person who possesses a license for said likeness, his/her heirs if the person is deceased, or the authorized agent of any of the forgoing shall be liable for damages.

P.R. LAWS tit. 32, §3152 (2011). The term "likeness" means a "[n]ame, photograph, portrait, voice, signature, attribute or any representation of a person through which an average observer or listener may identify the same, produced using any reproduction procedure or technique." P.R. LAWS tit. 32, §3151(c) (2011). "Commercial purpose" is defined as "[t]he use of a person's likeness in connection with an advertisement, offer, or sale of a product, merchandise, good or service in the market." P.R. LAWS tit. 32, §3151(h) (2011).

12. "The law provides for both injunctive relief and compensatory damages to a plaintiff who sues for misappropriation or violation of the right of publicity." P.R. LAWS tit. 32, §3153 (2011). In lieu of actual compensatory damages, a prevailing plaintiff may seek statutory damages of "an amount of no less than $750 and no greater than $20,000 per violation, as deemed to be fair by the court. Whenever a violation is determined to be deliberate or due to gross negligence, the court may freely increase the amount of statutory damages to a sum no greater than $100,000 per violation." *See id.*

## **PCH DIRECTLY VIOLATES THE PRRPA**

13. PCH maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying information, including, and highly sensitive, Personal Identifying Transactional Data.

14. PCH, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear. PCH has sold and rented (and continues to sell and rent) these lists on the open market data miners, aggregators, appenders, cooperatives, and aggressive marketing companies, and others willing to pay for them.

15. As a result of PCH's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from PCH on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear. PCH's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

16. PCH does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by PCH on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

17. PCH uniformly fails to obtain consent from – or even provide effective notice to – its customers before engaging in the practices described herein.

18. By and through these actions, PCH has used Plaintiff's and all of its other Puerto Rico customers' names and likenesses, which have commercial value, on or in, or in connection

5

with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the PRRPA.

## CLASS ACTION ALLEGATIONS

19. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

20. Plaintiff seeks to represent a class comprised of and defined as follows:

> All Puerto Rico residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold, rented or offered for sale or rental, by PCH (the "Class").

21. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of PCH.

22. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that PCH sold on the open market to various third parties are "products, merchandise, or goods" within the meaning of the PRRPA, and whether its practices of renting access to such lists are "services" within the meaning of the PRRPA; (b) whether PCH used Plaintiff's and the Class members' "name[s]" or other personal identifying "attribute[s]" "in connection with . . . [the] sale of" such mailing lists or its list rental services; (c) whether PCH obtained "previous consent" from Plaintiff and the Class members to use their "name[s]" or other personal identifying "attribute[s]" in connection with the sale of such mailing lists or rental services; (d) whether PCH's practices of selling and renting such mailing lists violated the PRRPA; (e) whether PCH's violations of the PRRPA were knowing, "deliberate or carried out with malicious intent," or "due to gross negligence"; and (f) the

6

appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of PCH's violations of the PRRPA.

23. The claims of Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by PCH's uniform wrongful conduct, based upon PCH's practices of using Plaintiff's and Class members' names, likenesses, and other personal identifying attributes on, or in connection with, the mailing lists it sold and rented (and its sales and rentals of such lists) to third parties on the open market.

24. Plaintiff is an adequate representative of the Class because none of Plaintiff's interests conflict with the interests of the other members of the Class that she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish PCH's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of PCH's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## **CLAIM FOR RELIEF**

**Violation of Puerto Rico's Right of Publicity Act, P.R. LAWS tit. 32, §3151 (2011), *et seq.***
**(By Plaintiff Individually and on Behalf of the Class)**

26. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-25 above.

27. Plaintiff brings this claim individually and on behalf of members of the above-defined Class against PCH.

28. Plaintiff is a natural person and therefore a "person" within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3151(f) (2011).

29. PCH is a corporation and thus a "juridical person" within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3152 (2011).

30. Plaintiff, a Puerto Rico resident, purchased products from PCH. Each member of the Class likewise resides in Puerto Rico and purchased products from PCH.

31. At no time before or at the time Plaintiff purchased products from PCH did PCH notify Plaintiff that it would use her name or other personal identifying attributes "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which her name, address, and other Personal Identifying Transactional Data appeared, as well as by renting access to such lists. *See See* P.R. LAWS tit. 32, §3151(c), (h) (2011) & P.R. LAWS tit. 32, §3152 (2011). Plaintiff has never consented to PCH using her name or other personal identifying attributes for commercial purposes in this way. *See id.* PCH likewise failed to notify any of its other customers, including the members of the Class, that it would use their names, addresses, and other Personal Identifying Transactional Data "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which their names, addresses, and other Personal Identifying Transactional Data appeared. *See id.* And none of the members of the Class consented to PCH using their name or other personal identifying attributes for commercial purposes in this way. *See id.*

32. After Plaintiff purchased products from PCH, and during the relevant statutory period, PCH, either directly or through one or more intermediaries acting on its behalf and at its

8

direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing Plaintiff's name, address, and other Personal Identifying Transactional Data to various third parties, including to data aggregators, data appenders, data cooperatives, and others willing to purchase them, without first obtaining Plaintiff's consent or even giving her prior notice of its use of her name and other personal identifying attributes in this way. Likewise, during the statutory period relevant to this action, PCH knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing the names, addresses, and other Personal Identifying Transactional Data of the members of the Class to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from, or even providing prior notice to, any of these individuals.

33. "Ruth Tanenbaum," which PCH used on the mailing lists that it sold and rented and continues to sell, is the "name . . . through which an average observer or listener may identify" Plaintiff. P.R. LAWS tit. 32, §3151(c) (2011). Moreover, the other personal identifying information pertaining to Plaintiff that PCH included on the mailing lists that it sold and rented – including her address, gender – also constituted, individually or collectively, "attribute[s] or . . . representation[s]" of Plaintiff "through which an average observer or listener may identify" Plaintiff. *See id.* Accordingly, by and through the actions alleged herein, PCH used Plaintiff's "likeness" within the meaning of the PRRPA. *See id.*

34. Significant commercial value exists in the aspects of Plaintiff's and the other Class members' likenesses that PCH used, and continues to use, in connection with its sales and rentals of mailing lists.

35. The mailing lists that PCH knowingly, deliberately, and with reckless disregard for the PRRPA sold and continues to sell, as well as its practices of selling access to such lists through list rentals in a knowing, and deliberate manner with reckless disregard for the PRRPA, on the open market to anyone interested in purchasing them, constituted "product[s], merchandise,

9

good[s], or service[s]" (and the sales of such things) within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3151(h) (2011).

36. Because the mailing lists that PCH sold and rented (and continues to sell and rent) contained Plaintiff's and the other Class members' names, addresses, and other personal identifying attributes, and identified each such person as having purchased products from PCH, PCH used Plaintiff's and the Class members' names and other identifying attributes "in connection with" its sales and rentals of such mailing lists. *See* P.R. LAWS tit. 32, §3151(h) (2011). Accordingly, PCH used Plaintiff's and the other Class members' likenesses for "commercial purposes" or for "trade purposes" within the meaning of the PRRPA. *See id.*

37. As alleged above, PCH failed to obtain the "previous consent" of Plaintiff or any member of the Class prior to using their "likenesses" for "commercial purposes" in the manner alleged herein. *See* P.R. LAWS tit. 32, §3151(f) (2011) & P.R. LAWS tit. 32, §3152 (2011).

38. By and through these actions, PCH knowingly, deliberately, and with reckless disregard for the rights of Plaintiff and the Class members, "use[d] [Plaintiff's and the Class members'] likeness[es] for commercial [or] trade . . . purposes without the previous consent of said person[s]," in direct violation of the PRRPA. *See* P.R. LAWS tit. 32, §3152 (2011).

39. PCH's nonconsensual use of Plaintiff's and the other Class members' likenesses in connection with the mailing lists that it sells and rents, as alleged herein, did not constitute uses "as part of a news report, political expression, sporting, or artistic event transmission, or presentation with a legitimate public interest, and where said likeness is not used with commercial or publicity purposes." P.R. LAWS tit. 32, §3157(a) (2011).

40. PCH acted with "[t]otal carelessness or failure to adhere to a minimal standard of care that raises a presumption of indifference to consequences, implying reckless disregard," in the course of using, without consent, Plaintiff's and the other Class members' likenesses in connection with its sales of and practices of renting the subject mailing lists. *See* P.R. LAWS tit. 32, §3151(d) (2011). Indeed, during the time period relevant to this action, PCH, either directly or through one or more intermediary acting on its behalf and at its direction (including through

10

NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the use of Plaintiff's and the other Class members' likenesses in connection with such mailing lists, the advertising of such mailing lists and the ability to rent such lists on the open market, and the actual sales and rentals of such mailing lists to various third parties. Plaintiff is informed and believes that PCH reaped significant monetary profits through its sales and rentals of mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared.

41. Moreover, PCH had every "reason for knowing or believing that [its] activities," as alleged here, "constituted a violation of the plaintiff's publicity rights," *see* P.R. LAWS tit. 32, §3153 (2011), because PCH, on information and belief, was aware of the existence of and the rights afforded under Puerto Rico's PRRPA and the various other states' and territories' right of publicity statutes, and understood and appreciated that its conduct, as alleged herein, was and continues to be undertaken in violation of said statutes. PCH has nonetheless refused to cease using its Puerto Rico customers' likenesses for commercial purposes without their consent in the manner described herein.

42. Plaintiff brings this action, individually and on behalf of the Class, "one (1) year following the date on which [she] first became aware or should have gained knowledge of the occurrence of the facts that constitute grounds for [the] cause of action [alleged herein] and serves as the foundation for such action or procedure." P.R. LAWS tit. 32, §3156 (2011).

43. Plaintiff and the members of the Class have been injured, in Puerto Rico, from the violations of their rights of publicity that they suffered as a result of PCH's nonconsensual use of their names and likenesses in the manner described herein. On behalf of herself and the Class, Plaintiff seeks: (1) statutory damages of $100,000 per violation of the PRRPA determined to be deliberate or due to gross negligence (or of $20,000 per violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, for herself and each Class member pursuant to P.R. LAWS tit. 32, §3153 (2011); (2) a declaration that PCH's conduct described herein

11

violates the PRRPA pursuant to P.R. LAWS tit. 32, §3153 (2011); (3) an injunction prohibiting PCH from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring PCH to obtain prior consent from Puerto Rico customers prior to doing so in the future, pursuant to P.R. LAWS tit. 32, §3153 (2011) and P.R. LAWS tit. 32, §3152 (2011); and (4) costs and reasonable attorneys' fees pursuant to pursuant to P.R. LAWS tit. 32, §3153 (2011).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Publishers Clearing House, Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that PCH's conduct described herein violates the PRRPA;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an injunction prohibiting PCH from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring PCH to obtain prior consent from Plaintiff and the Class members prior to doing so in the future, pursuant to P.R. LAWS tit. 32, §3153 (2011) and P.R. LAWS tit. 32, §3152 (2011);

E. For an award of statutory damages of $100,000 to Plaintiff and each Class member for each violation of the PRRPA that is determined to be deliberate or due to gross negligence (or of $20,000 for each such violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, to Plaintiff and each Class member, pursuant to P.R. LAWS tit. 32, §3153 (2011);

F. For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to P.R. LAWS tit. 32, §3153 (2011); and

G. For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of herself and all members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: December 1, 2021

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/  Thomas L. Laughlin, IV
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

**HEDIN HALL LLP**
Frank S. Hedin*
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile:  (305) 200-8801

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*